*335 But the gentlemen say, it was the intent of the parties that the estate should move from them by lease and release, and the rule is, that if it can have a partial operation, that is, to convey some estate from the parties, though in a less manner than they intended, it shall not operate in any other manner; and for this they rely on Sir Edw. Clere’s case, 6 Co. 17.
We answer — There is no such reasoning to be drawn, from this case j but every thing to be collected from it is, that where a man has an interest as well as an authority, and does an act without reciting his authority, it shall be supposed he did it according to his intent; and this is the principle on which the case was determined, and not the one mentioned. Where a man made a feoffment to the Use of his last will, he had an authority under the feoffment to appoint uses, or might dispose of the land as owner; and if he devised without recital, an authority would pass by his interest. 1 Bac, Abr. 202. in notes. This case only applies to the case of an authority and interest; but the gentlemen have not mentioned the true reason, but have assigned one they thought most beneficial. The reason they allege is not a just one, and cannot be found in any of the books. If their reason is a good one, the doctrine that a grant shall operate most strongly against the grantor, at once falls to the ground. But if I was to admit the case to be law, on the principles suggested, it applies against them. They say, where an estate moves from the parties in some degree, though not so fully, it shall not operate differently. The ground of the doctrine is that something, as they say, must move from the parties. Who are the parties? Vachel Denton and wife. Something then must move from them. But here their argument is inconsistent; for they say that nothing moves from the wife. In the case of Sir Edward Clere, cited, an estate moved from him, but there was no person from whom nothing moved by the construction there adopted. By this construction they would defeat half the deed, and give it no operation, and this is directly repugnant to every *336 principle of law, which is clear that no part of a deed shall be construed void, if it may any way take effect. 2 Bac. Abr. 660. As where there is a deed from two, when one of them has nothing, it shall operate as a grant from one and a confirmation from the other. 2 Bac. Abr. 661. By our construction, the whole deed takes effect between the parties, and their argument is inconsistent with their principles.
2. They have been guilty of this fallacy throughout. They say nothing passes from Mrs. Denton, and yet to ground their reasoning they suppose something passed. They say the deed takes éffect from the parties immediately, and where it will pass an interest immediately, and requires a further ceremony to give it operation, it shall operate immediately. To support this they must shew that something passed immediately from both.
The Provincial Court gave judgment for the plaintiff.